HENRY NIXON AND OTHERS, EXECUTORS, ETC., OF HENRY W. MOORE, DECEASED, RESPONDENTS, v. WILLIAM STANLEY, APPELLANT.

*Chattel mortgage — failure to refile it within the proper time — the lien is restored by a subsequent refiling.*

November 18, 1878, a chattel mortgage given by one Perry to the plaintiffs was filed in the proper clerk's office. November 19, 1879, the mortgage was refiled by the mortgagees with a statement indorsed thereon stating their interest in the property therein described. On December 8, 1879, a portion of the property therein described was seized by the sheriff by virtue of an execution issued under a judgment recovered against the mortgagee prior to November 18, 1879, and sold to the defendant, who purchased it with full notice of the plaintiffs' mortgage.

In an action by the plaintiffs to recover for the conversion of the said property: *Held*, that they were entitled to recover; that as the mortgage was refiled prior to the issuing of the execution the lien thereof was at the time of the levy thereunder restored, and was prior to that of the execution.

APPEAL from a judgment of the Monroe County Court, affirming a judgment rendered in the plaintiffs' favor in a Justice's Court.

The action was for the conversion of one steer, and the damages were assessed in the plaintiffs' favor at forty-three dollars and seventy-five cents.

*Delbert A. Adams*, for the appellant.

*J. D. Decker*, for the respondents.

BARKER, J. :

The plaintiffs base their title to the property in question on a conveyance by mortgage, executed by Philetus R. Perry, as mortgagor, to themselves as mortgagees, dated the 17th day of November, 1878, and filed in the proper clerk's office on the following day. Both parties claim under the mortgagor, and it is admitted that he had title at the time of the execution of the mortgage. On the 19th day of November, 1879, the mortgage was refiled by the mortgagees, with a certificate thereon indorsed, stating their interest therein. On the 8th day of December, 1879, an execution in due form of law, issued on a judgment rendered against the mortgagor prior to the 18th day of November, 1879, was issued to the sheriff of Monroe county, and by virtue thereof he levied upon and sold the property in question, at which sale the defendant became the purchaser, he being fully advised of the existence and refiling of the plaintiffs' mortgage.

The plaintiffs claim that as the mortgage was refiled prior to the issuing and delivery of the execution to the sheriff, the same was a valid lien on the property, and in full force and effect as against the, levy under the execution and was prior and superior thereto.

It was held by this court in *Swift* v. *Hart* (12 Barb., 530) that by the omission to refile the mortgage within thirty days preceding the expiration of the year from the time of the first filing, it became dormant and invalid as against creditors and purchasers whose liens had not attached during the interval.

This ruling was made upon the same principle that an execution

against personal property which has become dormant by reason of the plaintiff's directing proceedings to be stayed, may afterwards be revived, and receive vitality by being set in motion by the plaintiff, so as to be effectual as against subsequent executions; that it did not violate the spirit or defeat the object of the statute to allow a mortgagee to revive and resuscitate the lien of his mortgage which had become dormant as respects purchasers and creditors; that the object of the statute was to prevent fraud, and with this view the holder of the mortgage is required to file his mortgage and thus give it publicity.

The interpretation given to the statute in this case has not been overruled or questioned, so far as I can find, after a very careful examination of all the cases. It should be followed as an authority in the case before us, as giving a proper exposition of the statute upon the question under consideration.

In the subsequent case of *Newell* v. *Warner* (44 Barb., 263) a reference was made to *Swift* v. *Hart* by JOHNSON, J., who said he recognized the same as authority, on the precise question determined therein. He was a member of the court when the first of these cases was decided, and dissented from the conclusion reached by a majority of the court.

The evidence tended to prove that the mortgage was given for a good consideration and to secure an honest indebtedness, and without any intent to cheat or defraud the creditors of the mortgagor. It being held as the law of the case that the refiling of the mortgage, with a proper certificate indorsed thereon, prior to the receipt of the execution by the sheriff, restored and revived the mortgage as against creditors and purchasers, it becomes unnecessary to consider the other questions presented, so far as they arise under their second mortgage.

If, as the appellant claims, the first execution was in full force and effect, and not stayed, and the sale of the property was by virtue thereof, the jury having determined that the plaintiffs' mortgage was valid and was not given for the purpose of cheating and defrauding the creditors of the mortgagor, the plaintiffs made out a good cause of action.

The appellant claims that the plaintiffs, as executors, had no power to lease the lands of their testator, and for that reason there

was no debt owing them for which they could take a security from the mortgagor, who was their lessee.

As the plaintiffs were in the management of the real estate and the mortgagor received possession of the same at their hands, and took a lease therefor, he was in no position to question their title. By the third clause of the will, in certain contingencies the executors were authorized to lease the real estate and to apply the income for any of the purposes of the will.

Judgment affirmed, with costs.

SMITH, P. J., and HARDIN, J., concurred.

Judgment of County Court affirmed, with costs.